## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOHN LUIS GARCIA,

        Plaintiff,

v.                                        No. CV 21-176 MV/CG

KILOLO KIJAKAZI,[1]
Commissioner of the
Social Security Administration,

        Defendant.

## ORDER ADOPTING IN PART CHIEF MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Chief Magistrate Judge's *Proposed Findings and Recommended Disposition* (the "PFRD"), (Doc. 25), filed December 14, 2021, the Commissioner's *Objection to Proposed Findings and Recommended Disposition* (the "Objections"), (Doc. 26), filed December 17, 2021, and Plaintiff John Luis Garcia's *Response to Objection to Proposed Findings and Recommended Disposition* (the "Response"), (Doc. 28), filed December 31, 2021.

In the PFRD, the Chief Magistrate Judge recommends that the Court grant Mr. Garcia's *Motion to Reverse and Remand for a Rehearing or in the Alternative for the Immediate Payment of Benefits with Supporting Memorandum* (the "Motion to Remand"), (Doc. 20), but deny his request for an immediate payment of benefits. (Doc. 25 at 27). The Chief Magistrate Judge further recommends that the Court instruct the Commissioner to complete her proceedings on remand by April 29, 2022 and recommend that the Commissioner assign this matter to a different administrative law judge ("ALJ"). *Id.* at 28. The parties were notified that written objections to

---

[1] Kilolo Kijakazi was appointed Acting Commissioner of the Social Security Administration on July 9, 2021.

the PFRD were due within fourteen days. *Id.* The Commissioner timely filed her Objections on December 17, 2021, objecting not to the recommended remand but rather only to the recommended deadline of April 29, 2022 for the completion of proceedings and the recommended assignment of a different ALJ. (Doc. 26 at 1). Mr. Garcia timely filed his Response on December 31, 2021. (Doc. 28). After a *de novo* review of the record and the PFRD, the Court will **ADOPT IN PART** the Chief Magistrate Judge's PFRD.

I.      **Background**

        This is Mr. Garcia's third time challenging the denial of his disability benefits before this Court. Mr. Garcia initially applied for Disability Insurance Benefits ("DIB") on July 25, 2012, and later for Supplemental Security Income ("SSI"), claiming that he was unable to work due to two herniated discs resulting in degenerative disc disease, bulging discs, chronic pain in both elbows, chronic pain in both knees, and chronic migraines. (AR 73, 845).

        United States Magistrate Judge Kirtan Khalsa remanded Mr. Garcia's case for further proceedings on February 27, 2018, upon which the case was assigned to ALJ Jennifer Fellabaum for the first time. *Garcia v. Berryhill,* 1:16-cv-1398 KK (D.N.M. February 27, 2018) (Doc. 25). ALJ Fellabaum issued an unfavorable decision on April 24, 2019. (AR 630, 1236, 1245). United States Magistrate Judge John F. Robbenhaar then remanded the case for a second time, upon consent of the parties. *Garcia v. Saul,* 1:19-cv-577 JFR (D.N.M. April 2, 2020) (Doc. 27). Thereafter, the Appeals Council vacated ALJ Fellabaum's decision and remanded the case, instructing the ALJ to further consider the opinion of Dr. Sharon Mullins, whom ALJ Fellabaum had incorrectly characterized as "not a physician." (AR 1262).

        Mr. Garcia's third hearing was also held before ALJ Fellabaum, on December 3, 2020. (AR 1160). ALJ Fellabaum issued a partially unfavorable decision on January 7, 2021, finding

2

that Mr. Garcia was not disabled at any time prior to November 10, 2016, and awarding him SSI

benefits. (AR 1177). In this decision, ALJ Fellabaum made multiple RFC assessments: the first

RFC finding related to Mr. Garcia's ability to work prior to November 10, 2016, and the second

related to his ability to work beginning on November 10, 2016. (AR 1177).

       In the instant matter, the Chief Magistrate Judge found that ALJ Fellabaum committed

reversible error by failing to consider the opinion of Dr. John Vigil as to her first RFC finding,

even merely to explain why she found it unpersuasive or inapplicable to the time-period in

question. (Doc. 25 at 23). The Chief Magistrate Judge noted, however, that because the error at

issue involved ALJ Fellabaum's failure to consider evidence from November 2020, which was

only available during the third hearing, it was not the same error committed in prior decisions.

*Id*. at 26. As such, the Chief Magistrate Judge recommends that the matter be remanded not for

an immediate award of benefits but rather for further proceedings, because further factfinding

would not be futile. *Id*. The Chief Magistrate Judge also recommends, given the concerns raised

in Mr. Garcia's Motion to Remand, that the Court order the Commissioner to complete these

proceedings by no later than April 29, 2022, and that the Court recommend the case be heard by

a different ALJ. *Id*. at 27.

## II.    Legal Standard

       District judges may refer dispositive motions to magistrate judges for proposed findings

and a recommended disposition pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of

Civil Procedure. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(1). "Within 14 days after

being served with a copy of the [magistrate judge's] recommended disposition, a party may serve

and file specific written objections to the proposed findings and recommendations." 28 U.S.C. §

636(b)(1)(B); FED. R. CIV. P. 72(b)(1). To preserve an issue for review, a party's objections must

be "both timely and specific." *U.S. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *One Parcel of Real Prop.*, 73 F.3d at 1059. Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id*. at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

**III.    Analysis**

The Commissioner does not object to the Chief Magistrate Judge's recommendation that the Court remand the case for additional proceedings, but rather only to 1) the recommendation that the Court impose a deadline of April 29, 2022, for the completion of proceedings and 2) the recommendation that a different ALJ be assigned to the matter. (Doc. 26 at 1).

*A.  Assignment of a Different ALJ*

As to the issue of assigning a different ALJ, the Commissioner argues that Mr. Garcia did not request that the matter be heard by a different ALJ until his reply brief, and that this argument thus was waived. *Id.* at 2. The Commissioner further contends that "[s]uch a requirement ties the hands of the agency as it attempts to use its resources in the most efficient way possible to handle the extraordinary number of pending cases before it." *Id*. Finally, the Commissioner argues that the Chief Magistrate Judge did not state an adequate reason for

4

assignment to a different ALJ, and that no such measure is warranted in this case. *Id*. Mr. Garcia urges the Court to adopt the Chief Magistrate Judge's recommendation of assignment to a different ALJ, contending that it is supported by law. (Doc. 28 at 3). However, he ultimately concedes that he "has no objection to [] ALJ [] Fellabaum rehearing this case." *Id.*

Indeed, courts in this District have recommended assignment to a different ALJ on a number of occasions. *See, e.g., Parraz v. Saul*, 2:19-cv-904 LF, 2021 WL 1177106, at *8 (D.N.M. March 29, 2021) (recommending reassignment where the same ALJ had been reversed twice, even in the absence of bias); *Sherman v. Berryhill*, 1:18-cv-439 KK, 2019 WL 2450919, at *16 (D.N.M. June 12, 2019) (same). However, as stated above, the parties no longer disagree about reassignment of the case to a different ALJ. The Court will therefore sustain the Commissioner's objection regarding reassignment to a different ALJ.

### B.   Deadline for the Completion of Proceedings

As to the Chief Magistrate Judge's recommendation that the Court set a deadline for the Social Security Administration to complete additional proceedings on remand, the Commissioner argues that such a requirement would be "overly burdensome" given her backlog caused by the Covid-19 pandemic. (Doc. 26 at 1-2). She contends that this would result in Mr. Garcia "jump[ing] ahead of other claimants who are awaiting further proceedings upon a court remand," given that all remanded cases "already jump before any other pending cases being heard by the agency." *Id*. at 2. The Commissioner argues that while the case is older, the error is novel, and thus "time-limited remand in this case is not warranted." *Id.*

Mr. Garcia disputes the Commissioner's argument, pointing out that the Commissioner failed to present any evidence of her backlog, and noting that the regulation cited specifically provides for time-limited remands such as that suggested by the Chief Magistrate Judge. (Doc.

28 at 2). Mr. Garcia also notes that the regulations provide for a remedy in the case of inability to process the case within the court's time limit—the hearing office may request an extension. *Id*. at 2-3.

The Commissioner "is not entitled to adjudicate a case ad infinitum until it correctly applies the proper legal standard and gathers evidence to support its conclusion." *Sisco v. United States Dep't of Health and Human Servs.*, 10 F.3d 739, 741 (10th Cir.1993) (quotations omitted). To prevent this, it is within the Court's discretion either to remand for an immediate award of benefits, or to order a time limit upon remand. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993) (ordering an immediate award of benefits); *Chavez v. Saul*, No. 1:20-cv-210 CG, 2021 WL 268172, at *4 (D.N.M. Jan. 27, 2021) (ordering time-limited remand). The Social Security Hearings, Appeals and Litigation Law Manual ("HALLEX") states that time-limited remands should be given the "highest priority." HALLEX I-2-1-59(A).

Here, the Court appreciates the novelty of the error at issue and the time that it may take the Social Security Administration to address it. (Doc. 26 at 2). However, the Court is also concerned by the time that a plaintiff may have to live with his disability while awaiting receipt of the benefits to which he may be entitled—in this case, DIB as opposed to merely SSI benefits. As the Chief Magistrate Judge explains, nearly ten years have already elapsed since Mr. Garcia's initial DIB application, and he is receiving only SSI, a means-tested benefit subject to restrictions on both income and assets. (AR 73); POMS SI 01110.003. In an effort to balance these competing concerns raised by the Commissioner and Mr. Garcia respectively, the Court will extend the Chief Magistrate Judge's recommended deadline by one month.

Therefore, the Court will **SUSTAIN IN PART** and **OVERRULE IN PART** the Commissioner's Objections and **ADOPT IN PART** the Chief Magistrate Judge's

recommendations.

## IV.    Conclusion

For the foregoing reasons, the Court finds that the Chief Magistrate Judge conducted the proper analysis and correctly concluded that the ALJ's decision included harmful and reversible error, and that remand is appropriate in this case. The Court further finds that the Chief Magistrate Judge properly concluded that further factfinding would not be futile and that the pendency of the case merits a time-limited remand. The Court will therefore adopt in part the Chief Magistrate Judge's recommendation that the case be subject to a time-limited remand. Finally, given the agreement of the parties, the Court declines to adopt the Chief Magistrate Judge's recommendation to assign a different ALJ. The Court therefore sustains the Commissioner's Objections only as to assigning a different ALJ.

**IT IS THEREFORE ORDERED** that Mr. Garcia's *Motion to Reverse and Remand for a Rehearing or in the Alternative for the Immediate Payment of Benefits with Supporting Memorandum*, (Doc. 20), shall be **GRANTED** as to remand and **DENIED** as to an immediate payment of benefits.

**IT IS FURTHER ORDERED** that this case shall be **REMANDED** for further proceedings consistent with this Order.

**IT IS FINALLY ORDERED** that the Commissioner shall complete her proceedings on remand by no later than **May 27, 2022**.

**IT IS SO ORDERED**.

_____
THE HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE